[Cite as *State v. Jackson*, 2017-Ohio-4197.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | C.A. CASE NO.  27351 |
| | : | |
| v. | : | T.C. NO. 16-CR-548 |
| | : | |
| RICHARD E. JACKSON, JR. | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___9th___ day of _____June_____, 2017.

. . . . . . . . . .

ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellant

VALERIE KUNZE, Atty. Reg. No. 0086927, Assistant State Public Defender, 250 E. Broad Street, Suite 1400, Columbus, Ohio 43215
        Attorney for Defendant-Appellee

. . . . . . . . . . . .

FROELICH, J.

{¶ 1}   The State of Ohio appeals from a judgment of the Montgomery County Court of Common Pleas, which dismissed a count of having weapons while under disability against Richard Jackson, on the authority of *State v. Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448.  For the following reasons, the judgment of the trial

court will be reversed.

{¶ 2}   On April 22, 2016, Jackson was charged with having weapons while under disability and improper transportation of a firearm in a motor vehicle.   The having weapons while under disability charge was premised upon Jackson's prior juvenile adjudication for committing an offense that would be a felony offense if committed by an adult (aggravated robbery).

{¶ 3}   Jackson filed a motion to dismiss the count of having weapons while under disability.   Relying on *Hand*, he argued that the use of his juvenile adjudication to convict him of having weapons while under disability violated his due process rights.   The trial court granted the motion, concluding that the legislature's intention in R.C. 2923.13(A)(2) – as well as in R.C. 2901.08(A), the provision at issue in *Hand* – was to treat the juvenile adjudication as a prior conviction and that, pursuant to *Hand*, it is unconstitutional to do so.

{¶ 4}   The State challenges the trial court's determination on appeal, arguing that *Hand* did not preclude the use of a juvenile adjudication as an element of a criminal offense.   It notes that *Hand* dealt with R.C. 2901.08(A) and the use of a prior adjudication to increase the degree of an offense or its penalty, whereas R.C. 2923.13(A)(2), which is at issue in this case, treats such an adjudication as an element of the offense.

{¶ 5}   In *Hand*, the Supreme Court of Ohio held that it is unconstitutional to use a juvenile adjudication as the equivalent of an adult conviction to enhance a penalty for a later crime, because, unlike an adult conviction, a juvenile adjudication does not involve the right to a trial by jury.   *Hand* at ¶ 38.   In so holding, the court struck down R.C. 2901.08(A), a statute which specifically provided that a prior "adjudication as a delinquent

child or as a juvenile traffic offender is a conviction for a violation of the law or ordinance for purposes of determining the offense with which the person should be charged and, if the person is convicted of or pleads guilty to an offense, the sentence to be imposed[.]" *Id.* at ¶ 9. Therefore, the Supreme Court of Ohio stated in *Hand* that "a juvenile adjudication is not a conviction of a crime and should not be treated as one." *Id.* at ¶ 38. *Hand* did not directly address the issue raised in this case: whether there are constitutional implications to the use of a juvenile adjudication as an element of an offense, i.e., as creating a "disability" for a weapons under disability offense.

{¶ 6} Subsequent to the parties' filing of their briefs in this case, we addressed the precise issue raised. In *State v. McComb*, 2d Dist. Montgomery No. 26884, 2017-Ohio-4010 we held that, although *Hand* does preclude the use of a juvenile adjudication as a previous "conviction" for purposes of applying mandatory sentencing terms under R.C. 2929.13(F)(6), the holding in *Hand* did not render R.C. 2923.13(A)(2) unconstitutional on due process grounds.

{¶ 7} R.C. 2923.13(A)(2), which defines the offense of having weapons while under disability, sets forth that a juvenile adjudication is one of the means by which a disability may be established; it provides that "no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if * * * [t]he person is under indictment for **or** has been convicted of any felony offense of violence **or** has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence." (Emphasis added.) Other subsections of R.C. 2923.13(A) preclude knowingly acquiring, having, carrying, or using any firearm or dangerous ordnance if one is a fugitive from justice, is under indictment or has been

convicted of certain felony drug offenses (or was adjudicated a delinquent for such an offense, which would have been a felony if committed as an adult), for being "drug dependent, in danger of drug dependence, or a chronic alcoholic," or for certain commitments or adjudications related to mental health.

{¶ 8} In *McComb*, we stated:

Pursuant to the [having weapons under disability] statute, a violation of R.C. 2923.13(A)(2) requires an offender to either have a prior conviction ***or*** a prior juvenile adjudication. Unlike the statute that was struck down in *Hand*, the statute at issue, R.C. 2923.13(A)(2), does not treat a prior juvenile adjudication as a conviction. Rather, a prior juvenile adjudication and conviction are treated as alternative elements necessary to establish the offense of having weapons while under disability. *Hand* does not ban the use of a prior juvenile adjudication as an element of an offense; rather, *Hand* bans the use of a juvenile adjudication to enhance a penalty by treating the adjudication as an adult conviction. *Hand* at ¶ 37 (holding "it is fundamentally unfair to treat a juvenile adjudication as a previous conviction that enhances either the degree of or the sentence for a subsequent offense committed as an adult").

(Emphasis sic.) *Id.* at ¶ 26. Thus, we concluded that Hand does not apply to R.C. 2923.13(A)(2).

{¶ 9} *McComb* resolved the question presented by the State's assignment of error. *Hand* does not apply to R.C. 2923.13(A)(2), and the legislature's determination that a juvenile adjudication may support a count of having weapons while under disability

does not violate a defendant's due process rights.

{¶ 10} The State's assignment of error is sustained.

{¶ 11} The judgment of the trial court will be reversed, and the matter will be remanded for further proceedings.

. . . . . . . . . . . . .

WELBAUM, J., concurs.

DONOVAN, J., dissenting:

{¶ 12} Jackson's prior adjudication of delinquency, which can now be utilized as an element of the offense to establish weapons while under disability, suffers from the same constitutional infirmity as an enhancement. At the heart of the analysis in *Hand* is the lack of a right to a jury determination of the predicate conduct. In this case, status (disability) creates the offense, in *Hand* status enhances punishment.

{¶ 13} I agree with Judge Cunningham's dissent in *State v. Carnes*, 2016-Ohio-8019, _____ N.E.3d _____ (1st Dist.), it is illogical to conclude enhancement of punishment is unconstitutional, but prosecution where otherwise there would be no indictment is not. In all other scenarios, the status of disability is conduct which occurs as an adult. The juvenile vs. adult conduct distinction is critical to the constitutional analysis, particularly under the Ohio Constitution as noted in *Hand*.

{¶ 14} I would affirm.

. . . . . . . . . .

Copies mailed to:

Andrew T. French
Valerie Kunze
Hon. Richard S. Skelton