[Cite as *State v. Boyer*, 2017-Ohio-4199.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellant* | : | Appellate Case No. 2016-CA-63 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-0160 |
| | : | |
| ALEXANDER D. BOYER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellee* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of June, 2017.

. . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellant

KATHERINE R. ROSS-KINZIE, Atty. Reg. No. 0089762, Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215
        Attorney for Defendant-Appellee

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Plaintiff-appellant, the State of Ohio, appeals from the trial court's dismissal of the second count of an indictment against Defendant-appellee, Alexander D. Boyer. The State argues that the trial court erred by dismissing the count—a charge of having weapons while under disability in violation of R.C. 2923.13(A)(2)—in reliance on the Ohio Supreme Court's decision in *State v. Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448. We find that the dismissal is not warranted by the *Hand* decision, and we therefore reverse.

## I. Facts and Procedural History

{¶ 2} On April 4, 2016, a Clark County grand jury issued a three-count indictment against Boyer, charging him with: Count 1, felonious assault in violation of R.C. 2903.11(A)(2); Count 2, having weapons while under disability in violation of R.C. 2923.13(A)(2); and Count 3, attempted murder in violation of R.C. 2903.02(A). Boyer was arrested three days later and entered a plea of not guilty on all counts at his arraignment.

{¶ 3} R.C. 2923.13(A)(2) prohibits a person from "knowingly acquir[ing], hav[ing], carry[ing], or us[ing] any firearm or dangerous ordnance" if the person "is under indictment for or has been convicted of any felony offense of violence" or if the person "has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence." As a minor, Boyer was adjudicated a delinquent for conduct that, if committed by an adult, would have constituted rape, a felony offense of violence. Appellee's Br. 1-2. Count 2 of the indictment is predicated on this fact.

{¶ 4} On August 25, 2016, the Ohio Supreme Court issued its opinion in *Hand*. The Court held that because "a juvenile adjudication is not established through a procedure that provides the right to a jury trial, it cannot be used to increase a sentence beyond a statutory maximum or mandatory minimum." *Hand*, 2016-Ohio-5504, paragraph two of the syllabus. Prompted by the Court's holding in *Hand*, Boyer moved to dismiss Count 2 of the indictment. The trial court, "using the same reasoning set forth in the *Hand* case," sustained Boyer's motion in an entry dated October 12, 2016. Entry Sustaining Def.'s Mot. to Dismiss 1, Oct. 12, 2016. Shortly thereafter, the State initiated the instant appeal.

**II. Analysis**

{¶ 5} For its single assignment of error, the State contends that:

THE TRIAL COURT ERRED WHEN IT DISMISSED A CHARGE FOR HAVING WEAPONS UNDER DISABILITY WHERE THE DISABILITY AROSE FROM A JUVENILE DELINQUENCY ADJUDICATION.

{¶ 6} In support, the State offers two arguments. First, it argues that because "the plain language of [R.C. 2923.13(A)(2)] is unambiguous and definite," the statute "must be applied as written." Appellant's Br. 4. Second, it argues that the *Hand* decision is inapplicable in this case because "a defendant does not need to [have been] convicted of anything to be under a disability" for purposes of R.C. 2923.13(A)(2). *Id.* at 5.

{¶ 7} The first of the State's arguments may be rejected because a statute need not be ambiguous or indefinite to be constitutionally unenforceable. In the decision from which the State takes its appeal, the trial court found "that if the use of a * * * prior juvenile adjudication to enhance a subsequent adult [criminal] penalty is a violation of * * * due

process," as the Ohio Supreme Court determined in *Hand*, then the use of a juvenile adjudication "as an element for a subsequent adult felony offense" is likewise a violation of due process. Entry Sustaining Def.'s Mot. to Dismiss. 1-2. Thus, the trial court did not misconstrue R.C. 2923.13(A)(2) as the result of any ambiguity or uncertainty, but instead found that enforcement of the statute on the basis of a juvenile adjudication is unconstitutional.

{¶ 8} The second of the State's arguments requires a review of the *Hand* opinion. In that case, the Ohio Supreme Court was asked to determine whether "treat[ing] a juvenile adjudication as the equivalent of an adult conviction for purposes of enhancing a penalty for a later crime" is a violation of due process. *Hand*, 2016-Ohio-5504, ¶ 1. It began its analysis by noting that juvenile courts "are legislative creatures * * * 'eschew[ing] traditional, objective criminal standards and retributive notions of justice' " in favor of the "overriding purposes" of providing " 'for the care, protection, and mental and physical development of children,' " safeguarding " 'the public interest,' " holding " 'offender[s] accountable * * *, restor[ing] the victim[s], and rehabilitat[ing] the offender[s].' " *Id.* at ¶ 14, quoting *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1175, ¶ 65. In summary, said the Court, "juvenile adjudication differs from criminal sentencing [in that the former] is civil and rehabilitative, [whereas] the [latter] is criminal and punitive." *Id.*

{¶ 9} As part of its analysis, the Court relied heavily on the decision of the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which held that " '[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum,' " unless admitted by the defendant, " 'must be submitted to a jury[] and proved beyond a

reasonable doubt.' " *Hand* at ¶ 21, 31, quoting *Apprendi*, 530 U.S. at 490. Interpreting this holding in light of the federal judiciary's history of "emphatic pronouncements on the importance of the right to a jury trial," the Ohio Supreme Court interpreted *Apprendi* as "limit[ing] the prior-conviction exception to prior proceedings that satisf[y] the [constitutional] jury-trial guarantee." *Id.* at ¶ 34. It concluded, based upon this principle, that "[b]ecause a juvenile adjudication is not established through a procedure that provides the right to a jury trial, [a juvenile adjudication] cannot be used to increase a sentence beyond a statutory maximum or mandatory minimum." *Id.* Quite simply, the Court added, "a juvenile adjudication is not a conviction of a crime and should not be treated as one." *Id.* at ¶ 38.

{¶ 10} The *Hand* decision is nevertheless not dispositive because, in the instant case, the use of Boyer's juvenile adjudication was not for purposes of sentence enhancement, but as an element of the offense of having weapons while under disability. In other words, Boyer's juvenile adjudication was not being treated as a conviction of a crime. *See State v. McComb*, 2d Dist. Montgomery No. 26884, 2017-Ohio-4010, ¶ 24-26. Under R.C. 2923.13(A), a person is deemed to be under a legal disability if:

a. The person is a fugitive from justice;

b. The person is under indictment for any felony offense of violence;

c. The person has been convicted of a felony offense of violence;

d. The person has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence;

e. The person is under indictment for any felony offense involving the illegal

possession, use, sale, administration, distribution or trafficking in any drug of abuse;

f.  The person has been convicted of a felony offense involving the illegal possession, use, sale, administration, distribution or trafficking in any drug of abuse;

g.  The person has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense involving the illegal possession, use, sale, administration, distribution or trafficking in any drug of abuse;

h.  The person is drug dependent, in danger of drug dependence, or is a chronic alcoholic; or

i.  The person is under adjudication of mental incompetence, has been adjudicated as a mental defective, has been committed to a mental institution, has been found by a court to be a mentally ill person subject to court order, or is an involuntary patient other than one who is a patient only for purposes of observation.

As this list illustrates, a person may be under a legal disability pursuant to R.C. 2923.13(A) without having been convicted of a criminal offense.  A juvenile adjudication for an offense of violence is only one of several non-criminal predicates giving rise to a legal disability under the statute.

{¶ 11} In *United States v. Rodriguez*, 553 U.S. 377, 386, 128 S.Ct. 1783, 170 L.Ed.2d 719 (2008), the U.S. Supreme Court remarked that "[w]hen a defendant is given a higher sentence under a recidivism statute—or for that matter, when a sentencing

judge, under a guidelines regime or a discretionary sentencing system, increases a sentence based on the defendant's criminal history—100% of the punishment is for the offense of conviction," emphasizing that "[n]one is for the prior convictions or the defendant's 'status as a recidivist.' " To the contrary, said the Court, the enhanced "sentence 'is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because [it is] a repetitive one.' " *Id.*, quoting *Gryger v. Burke*, 344 U.S. 728, 732, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948). The Ohio Supreme Court applied this reasoning to the use of juvenile adjudications for sentence enhancement in *State v. Adkins*, 129 Ohio St.3d 287, 2011-Ohio-3141, 951 N.E.2d 766, a case it decided five years before the release of its opinion in *Hand*. According to the *Adkins* decision, a defendant facing criminal sentence enhancement as the result of a juvenile adjudication "is not being punished for [the] adjudication," but rather, "is being punished for [the] current offense." *Adkins*, 2011-Ohio-3141, ¶ 15.

**{¶ 12}** These decisions highlight the Ohio Supreme Court's concern in *Hand*. If the premise of imposing an adult criminal sentence enhancement on the basis of a juvenile adjudication is that "the subsequent [adult] offense is * * * more serious because it portends greater future danger," having been committed on the heels of a juvenile offense, then the premise is realized only if the defendant actually committed the offense that was the subject of the adjudication. *Rodriguez*, 553 U.S. at 385, citing *Witte v. United States*, 515 U.S. 389, 403, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995), and *Spencer v. Texas*, 385 U.S. 554, 570, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). Yet, because juvenile proceedings do not satisfy the jury-trial guarantee, any subsequent adult sentence enhancement would constitute a criminal sanction based entirely on questions of fact

never presented to a jury.

{¶ 13} In a prosecution for having weapons while under disability, on the other hand, the validity of a predicate juvenile adjudication is not at issue. The question presented in such circumstances is simply whether the defendant chose to use or possess a weapon in disregard of a legal disability. Consequently, the question of whether the defendant actually committed an offense as a juvenile is rendered immaterial. *See State v. Hudson*, 2017-Ohio-645, ___ N.E.3d ___, ¶ 46, 50-52 (7th Dist.); *see also State v. Carnes*, 2016-Ohio-8019, ___ N.E.3d ___, ¶ 7-8, 12-15 (1st Dist.) (reaching effectively the same conclusion where the appellant argued that the use of an uncounseled juvenile adjudication as an element of having weapons while under disability is an unconstitutional violation of the right to counsel).

{¶ 14} Moreover, for purposes of due process, the use of Boyer's juvenile adjudication as an element of an offense under R.C. 2923.13(A) is not fundamentally unfair, not least because R.C. 2923.14(A)(1) permits "any person who is prohibited from acquiring, having, carrying, or using firearms [to] apply to the court of common pleas in the county in which the person resides for relief from such prohibition." Upon reaching the age of majority, Boyer had the opportunity under R.C. 2923.14(A)(1) to request the removal of the legal disability created by his juvenile adjudication.

{¶ 15} Ultimately, what the Court sought to avoid in *Hand* is the "fundamental[] unfair[ness] [of] allow[ing] juvenile adjudications," which result from "less formal proceedings" than in criminal prosecutions, "to be characterized as criminal convictions that may later enhance adult punishment." 2016-Ohio-5504, ¶ 35. The use of Boyer's juvenile adjudication in this case, however, would not implicate the concerns that the

Court articulated in its *Hand* decision. Instead, Boyer's indictment for having weapons while under disability relates strictly to choices he has made since reaching the age of majority. At trial, the State would not be required to prove that Boyer actually committed an offense of violence as a juvenile, but merely that he had, in fact, been adjudicated for the commission of such an offense. The use of Boyer's juvenile adjudication as an element of having weapons while under disability, therefore, would comport with the ruling of the United States Supreme Court in *Apprendi*.

### III. Conclusion

{¶ 16} We find that the trial court erred by dismissing the second count of the indictment against Boyer in reliance on the Ohio Supreme Court's decision in *Hand*. Therefore, we sustain the assignment of error and reverse and remand for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

FROELICH, J., concurs.

DONOVAN, J., dissenting:

{¶ 17} Boyer's prior adjudication of delinquency, which can now be utilized as an element of the offense to establish weapons while under disability, suffers from the same constitutional infirmity as an enhancement. At the heart of the analysis in *Hand* is the lack of a right to a jury determination of the predicate conduct. In this case, status (disability) creates the offense, in *Hand* status enhances punishment.

{¶ 18} I agree with Judge Cunningham's dissent in *Carnes*, it is illogical to conclude enhancement of punishment is unconstitutional, but prosecution where otherwise there would be no indictment is not. In all other scenarios, the status of

disability is conduct which occurs as an adult. The juvenile vs. adult conduct distinction is critical to the constitutional analysis, particularly under the Ohio Constitution as noted in *Hand.*

**{¶ 19}** I would affirm.

. . . . . . . . . .

Copies mailed to:

Megan M. Farley
Katherine R. Ross-Kinzie
Hon. Richard J. O'Neill