HORTON, J., concurring in part and dissenting in part.
 

 {¶ 47} I respectfully dissent in part from the decision to overrule Brown's first
 assignment of error regarding his conviction under R.C. 2923.13(A)(2) for having a weapon while under disability. As an initial matter, I am at a complete loss to see the grounds for the majority's assertion that Brown has failed to "present his own constitutional challenge" to R.C. 2923.13(A)(2) when, in his assignment of error and statement of the issues, he expressly stated that his conviction under that statute was a violation of due process and, in his argument, cited
 
 State v. Hand
 
 ,
 
 149 Ohio St.3d 94
 
 ,
 
 2016-Ohio-5504
 
 ,
 
 73 N.E.3d 448
 
 , as controlling precedent. (Majority Decision at ¶ 19; Appellant's Brief at vi & 3-4.)
 
 See
 
 App.R. 16(A)(4) and (7) (requiring an appellant to present a statement of "the issues presented for review" and an argument with "the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities * * * on which appellant relies").
 

 {¶ 48} The majority also asserts that Brown's due process challenge to the legal sufficiency of the evidence supporting his conviction under R.C. 2923.13(A)(2) is "wholly distinct" from the issue of whether that statute was constitutionally applied to him, dismissing the issue as waived. (Majority Decision at ¶ 19.) There is no distinction. R.C. 2923.13(A)(2) was applied to Brown by convicting him under it, and "a conviction based on legally insufficient evidence constitutes a denial of due process."
 
 State v. Thompkins
 
 ,
 
 78 Ohio St.3d 380
 
 , 386,
 
 678 N.E.2d 541
 
 (1997), citing
 
 Tibbs v. Florida
 
 ,
 
 457 U.S. 31
 
 , 45,
 
 102 S.Ct. 2211
 
 ,
 
 72 L.Ed.2d 652
 
 (1982). "A claim raising the sufficiency of the evidence invokes a due process concern and raises the question whether the evidence is legally sufficient to support the jury verdict as a matter of law."
 
 State v. Lang
 
 ,
 
 129 Ohio St.3d 512
 
 ,
 
 2011-Ohio-4215
 
 ,
 
 954 N.E.2d 596
 
 , ¶ 219, citing
 
 Thompkins
 
 at 386,
 
 678 N.E.2d 541
 
 . As explained more fully below, the fact of Brown's prior juvenile adjudication was the evidence that the state used to prove an element of the offense of having a weapon while under disability under R.C. 2923.13(A)(2). The statute was unconstitutionally applied to Brown when he was convicted under it based on legally insufficient evidence. Thus, there is no "separate argument" to be made that the statute was unconstitutionally applied that Brown has failed to raise or waived. (Majority Decision at ¶ 19).
 

 {¶ 49} Even if there were a "separate" as applied challenge to his conviction under R.C. 2923.13(A)(2), the majority errs when it asserts that Brown waived it. "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal."
 
 State v. Awan
 
 ,
 
 22 Ohio St.3d 120
 
 ,
 
 489 N.E.2d 277
 
 (1986), syllabus. The Supreme Court of Ohio decided
 
 Hand
 
 , the controlling authority on which Brown's challenge relies, on August 25, 2016, two weeks after the conclusion of Brown's trial August 11, 2016. Thus, the issue was not apparent at the time of trial and could not have been raised at that time.
 

 {¶ 50} In short, if citing to a case with an analysis grounded in long-established precedent of the United States Supreme Court and a holding based entirely on fundamental principles of due process does not present a constitutional challenge, I am not sure what does. My analysis begins with a review of those principles.
 

 {¶ 51} The Fifth Amendment of the United States Constitution recognizes that a defendant must not be deprived of liberty "without due process of law," and the
 Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury." The United States Supreme Court has long recognized that "these provisions require criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt."
 
 United States v. Gaudin
 
 ,
 
 515 U.S. 506
 
 , 510,
 
 115 S.Ct. 2310
 
 ,
 
 132 L.Ed.2d 444
 
 (1995).
 

 {¶ 52} This foundational principle-that every element of a crime must be proved beyond a reasonable doubt-also applies to facts that, if proved, increase the penalties a defendant faces. This is because "a fact is by definition an element of the offense and must be submitted to the jury if it increases the punishment above what is otherwise legally prescribed."
 
 Alleyne v. United States
 
 ,
 
 570 U.S. 99
 
 ,
 
 133 S.Ct. 2151
 
 , 2158,
 
 186 L.Ed.2d 314
 
 (2013). Thus, in
 
 Apprendi v. New Jersey
 
 ,
 
 530 U.S. 466
 
 , 490,
 
 120 S.Ct. 2348
 
 ,
 
 147 L.Ed.2d 435
 
 (2000), the United States Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In
 
 Alleyne
 
 , the court recognized that this requirement also applies to facts that increase a statutorily prescribed mandatory minimum sentence.
 
 Alleyne
 
 at 2158.
 

 {¶ 53} As
 
 Apprendi
 
 made clear, the one exception is "the fact of a prior conviction," which need not be submitted to a jury.
 

 Id.
 

 at 490
 
 ,
 
 120 S.Ct. 2348
 
 . The Supreme Court of Ohio explained this exception in
 
 Hand
 
 at ¶ 31 :
 

 But prior convictions are treated differently only because 'unlike virtually any other consideration used to enlarge the possible penalty for an offense, * * * a prior conviction must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees.'
 
 Jones v. United States
 
 ,
 
 526 U.S. 227
 
 , 249,
 
 119 S.Ct. 1215
 
 ,
 
 143 L.Ed.2d 311
 
 (1999). Thus, at the heart of
 
 Apprendi
 
 's narrow exception is
 
 the concept that the prior conviction was the result of a proceeding in which the defendant had the right to a jury trial
 
 and the right to require the prosecutor to prove guilt beyond a reasonable doubt.
 

 (Emphasis added.)
 

 {¶ 54} Because, however, the Sixth Amendment right to a jury trial is absent from juvenile adjudications,
 
 Hand
 
 determined that such adjudications could not be included in
 
 Apprendi's
 
 exception for actual convictions:
 

 Given the United States Supreme Court's emphatic pronouncements on the importance of the right to a jury trial, it is logical to conclude that the court meant to limit the prior-conviction exception to prior proceedings that satisfied the jury-trial guarantee. Because a juvenile adjudication is not established through a procedure that provides the right to a jury trial, it cannot be used to increase a sentence beyond a statutory maximum or mandatory minimum.
 

 Hand
 
 at ¶ 34. The court further reasoned:
 

 The right to a jury trial is fundamental to due process just as the right to counsel is fundamental. But in juvenile proceedings, there is no right to a jury because the focus is on rehabilitation rather than punishment. To convert an adjudication into a conviction when the adjudication process did not provide the right to have a jury test the elements of that offense offends due process and
 
 Apprendi
 
 and thus the state cannot treat a prior juvenile adjudication as a
 prior conviction to enhance the penalty for a subsequent conviction.
 

 Id.
 
 at ¶ 36.
 

 {¶ 55} Applying these principles, the Supreme Court of Ohio held that R.C. 2901.08(A), a statute that treated a juvenile adjudication as a conviction for purposes of determining the offense level and sentencing, violated the Due Process Clauses of the United States Constitution and the Ohio Constitution.
 
 Id.
 
 at ¶ 37.
 

 {¶ 56} In this case, Brown was convicted of having a weapon while under disability under R.C. 2923.13. The statute states that "no person shall knowingly acquire, have, carry, or use any firearm" in a number of circumstances. R.C. 2923.13(A). Relevant here is the prohibition on carrying a firearm if a defendant "has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence." R.C. 2923.13(A)(2). The statute treats a defendant's previous conviction for a violent offense, or a delinquency adjudication of what would have been a violent offense if committed by an adult, as two alternatives to prove the same element of the offense. However, only the first alternative-actual conviction-results from a constitutionally sound process that affords a defendant all the rights to which he is entitled under the Fifth and Sixth Amendments.
 
 See
 

 Hand
 
 at ¶ 31. Thus, Brown's conviction under the other element, which requires only a delinquency adjudication resulting from a process that did not include the right to a jury trial, violated his right to due process. In the juvenile court, no "jury test[ed] the elements of that offense," and, under
 
 Hand
 
 , it cannot be treated as a prior conviction to support an offense.
 
 Id.
 
 at ¶ 36.
 

 {¶ 57} The majority asserts that
 
 Hand
 
 does not control because the statute it invalidated, R.C. 2901.08(A), uses the fact of a defendant's juvenile adjudication to increase an offense level or penalty, while " R.C. 2923.13(A)(2), at issue here, treats a prior juvenile adjudication as an element of the offense." (Majority Decision at ¶ 21.)
 

 {¶ 58} But this is precisely the point. Constitutionally, there is no distinction between facts that enhance punishment and the facts that prove an element of the crime. The United States Supreme Court stated this unequivocally in
 
 Alleyne
 
 when explaining
 
 Apprendi
 
 : "In
 
 Apprendi
 
 , we held that a fact is by definition an element of the offense and must be submitted to the jury if it increases the punishment above what is otherwise legally prescribed."
 
 Alleyne
 
 at 2158.
 
 Apprendi
 
 as well states that "facts that expose a defendant to a punishment greater than that otherwise legally prescribed were by definition 'elements' of a separate legal offense."
 
 Id.
 
 at 483,
 
 120 S.Ct. 2348
 
 , fn. 10. The equivalency is sound, as it merely emphasizes the foundational principle that every element of a crime must be proven to a jury beyond a reasonable doubt.
 
 Gaudin
 
 at 510,
 
 115 S.Ct. 2310
 
 . It is this principle that served as the basis for the holding in
 
 Apprendi
 
 , and, by extension,
 
 Hand.
 

 {¶ 59} Because every element must be proven to a jury beyond a reasonable doubt, the burden on the state to convict a defendant for robbery is not equivalent to, and is much heavier than, what it must prove to secure an adjudication of delinquency against a minor. R.C. 2901.08, the statute invalidated in
 
 Hand
 
 , and R.C. 2923.13(A)(2), the weapons while under disability statute, both equate convictions and delinquency adjudications. In both statutes, they are interchangeable means of achieving each statute's end: for R.C. 2901.08, increasing an offense level or penalty; and, for R.C. 2923.13(A)(2), defining an element of the offense. Thus, the majority
 is incorrect when it asserts that "it cannot be said that R.C. 2923.13(A)(2) treats a prior juvenile adjudication as an adult conviction because it separately considers both juvenile adjudications and adult convictions." (Majority Decision at ¶ 21.) The opposite is true. The statute equates one with the other, as either one proves the same element of the offense. This equivalency is what
 
 Hand
 
 held violated principles of due process because only one of the alternatives-a conviction-is subject to the Sixth Amendment right to a jury trial.
 
 Hand
 
 at ¶ 36-37. And, although the statute provides various alternatives for proving the offense, "[i]n all other scenarios, the status of disability is conduct which occurs as an adult. The juvenile vs. adult conduct distinction is critical to the constitutional analysis, particularly under the Ohio Constitution as noted in
 
 Hand
 
 ."
 
 State v. Boyer
 
 ,
 
 2017-Ohio-4199
 
 ,
 
 92 N.E.3d 213
 
 , ¶ 18 (J. Donovan, dissenting.) Rather than engaging with the constitutional issues raised by Brown's appeal, the majority ducks the issue by performing a limited exercise in statutory interpretation that, in essence, concludes that
 
 Hand
 
 does not control because it involved a different statute. Simply put,
 
 Hand
 
 has rendered R.C. 2923.13(A)(2) unconstitutional with respect to the use of juvenile adjudications.
 

 {¶ 60} While I concur with the majority in part, I respectfully dissent from its decision to overrule the first assignment of error in its entirety. For the foregoing reasons, I would overrule it in part, as Brown's prior juvenile adjudication is legally insufficient to prove an element of the offense of having a weapon while under disability under R.C. 2923.13(A)(2).