[Cite as *State v. Herron*, **2017-Ohio-8908**.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO                              :
                                           :
    Plaintiff-Appellee               :    Appellate Case No. 27378
                                           :
v.                                         :    Trial Court Case No. 2016-CR-811
                                           :
TAHWIN S. HERRON                           :    (Criminal Appeal from
                                           :     Common Pleas Court)
    Defendant-Appellant              :
                                           :

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of December, 2017.

. . . . . . . . . .

MICHAEL J. SCARPELLI, Atty. Reg. No. 0093662, Assistant Prosecuting Attorney, 301 W. Third Street, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

TERRENCE K. SCOTT, Atty. Reg. No. 0082019, Assistant State Public Defender, 250 E. Broad Street, Suite 1400, Columbus, Ohio 43215
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, P.J.

{¶ 1} Tahwin S. Herron appeals from his conviction and sentence on charges of having a weapon while under disability and improperly handling a firearm in a motor vehicle.

{¶ 2} In his sole assignment of error, Herron contends the trial court erred in overruling his motion to dismiss the weapon-under-disability charge where the predicate disability arose from a juvenile-delinquency adjudication.

{¶ 3} The record reflects that Herron was adjudicated delinquent in January 2016 based on conduct that constituted marijuana trafficking. At that time, he was seventeen years old. Two months later, he was caught by police with a loaded firearm in a car. At the time of that incident, he was eighteen years old. As a result, in June 2016, he was indicted on the two charges set forth above.

{¶ 4} The weapon-under-disability statute, R.C. 2923.13(A)(3), provides in relevant part that "no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance if * * * [t]he person * * * has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse."

{¶ 5} In his motion to dismiss, Herron argued below that *State v. Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448, barred the use of his juvenile adjudication to establish the disability element of the weapon-under-disability charge. (Doc. #17). The trial court rejected his argument, finding *Hand* distinguishable. Herron then pled no contest to both charges against him. The trial court accepted the plea, found him guilty,

and imposed community-control sanctions.

{¶ 6} On appeal, Herron insists that the rationale of *Hand* applies to him. In *Hand*, the Ohio Supreme Court held that a juvenile adjudication may not be treated as the equivalent of an adult conviction for purposes of enhancing the degree of or the sentence for a later crime committed as an adult. *Hand* at ¶ 37. Here Herron's juvenile adjudication did not enhance the penalty for his weapon-under-disability offense. Instead, it was used to satisfy an element of the offense. Herron nevertheless asserts that this is an illogical distinction and that the rationale of *Hand* should be applied in his case.

{¶ 7} This court has rejected arguments identical to Herron's on several prior occasions. *See State v. McComb*, 2017-Ohio-4010, __ N.E.3d __, ¶ 26 (2d Dist.) (concluding that "*Hand* does not ban the use of a prior juvenile adjudication as an element of an offense; rather, *Hand* bans the use of a juvenile adjudication to enhance a penalty by treating the adjudication as an adult conviction."); *State v. Boyer*, 2017-Ohio-4199, __ N.E.3d __, ¶ 15-16 (2d Dist.) ("The use of Boyer's juvenile adjudication in this case, however, would not implicate the concerns that the Court articulated in its *Hand* decision. Instead, Boyer's indictment for having weapons while under disability relates strictly to choices he has made since reaching the age of majority. * * * We find that the trial court erred by dismissing the second count of the indictment against Boyer in reliance on the Ohio Supreme Court's decision in *Hand*."); *State v. Jackson*, 2d Dist. Montgomery No. 27351, 2017-Ohio-4197, ¶ 9 ("*Hand* does not apply to R.C. 2923.13(A)(2), and the legislature's determination that a juvenile adjudication may support a count of having weapons while under disability does not violate a defendant's due process rights."); *State v. St. Jules*, 2d Dist. Montgomery No. 27405, 2017-Ohio-7941, ¶ 9 ("We decline to

reconsider our conclusion that *Hand* does not apply to R.C. 2923.13(A)(2) and that the use of a juvenile adjudication to support a count of having weapons while under disability does not violate a defendant's due process rights."). We see no reason to depart from the foregoing cases, which we continue to believe were decided correctly and which are dispositive of Herron's argument.[1]

{¶ 8} For the foregoing reasons, we overrule Herron's assignment of error and affirm the judgment of the Montgomery County Common Pleas Court.

FROELICH, J., concurs.

DONOVAN, J., dissenting.

{¶ 9} Herron's prior adjudication of delinquency, which can now be utilized as an element of the offense to establish weapons while under disability, suffers from the same constitutional infirmity as an enhancement. At the heart of the analysis in *Hand* is the lack of a right to a jury determination of the predicated conduct. In this case, status (disability) creates the offense; in *Hand* status enhances punishment.

{¶ 10} I agree with Judge Cunningham's dissent in *State v. Carnes*, 2016-Ohio-8019, 75 N.E.2d 774 (1st Dist.), it is illogical to conclude enhancement of punishment is unconstitutional, but prosecution where otherwise there would be no indictment is not. In all other scenarios, the status of disability is conduct which occurs as an adult. The juvenile vs. adult conduct distinction is critical to the constitutional analysis, particularly

---

[1] We recognize that on September 13, 2017, the Supreme Court of Ohio accepted a jurisdictional appeal in *State v. Carnes*, Ohio Sup.Ct. No. 2017-0087, to address whether juvenile adjudications can satisfy elements of an offense committed as an adult. *See* 09/13/2017 Case Announcements # 2, 2017-Ohio-7567. We deny Herron's request in his reply brief to stay further proceedings pending the Ohio Supreme Court's resolution of *Carnes*.

under the Ohio Constitution as noted in *Hand*.

{¶ 11} I would reverse.

. . . . . . . . . . . . .

Copies mailed to:

Michael J. Scarpelli
Terrence K. Scott
Hon. Barbara P. Gorman