[Cite as *State v. Ortiz*, 2017-Ohio-9157.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105301**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## ANTONIO ORTIZ

DEFENDANT-APPELLEE

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-608367-A

**BEFORE:** E.T. Gallagher, P.J., Boyle, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** December 21, 2017

**ATTORNEYS FOR APPELLANT**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY:    Daniel T. Van
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Mark Stanton
Cuyahoga County Public Defender

BY:    Erika B. Cunliffe
       Jeff Gardner
Assistant Public Defenders
Courthouse Square, Suite 200
310 Lakeside Avenue
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, P.J.:

{¶1} Appellant, the state of Ohio ("the state"), appeals from the trial court's judgment granting defendant-appellee, Antonio Ortiz's, motion to dismiss the offense of having weapons while under disability, as charged by information. The state raises the following assignment of error for review:

> 1. Under the holding of *State v. Hand*, Slip Opinion No. 2016-Ohio-5504, using a prior juvenile adjudication for a conviction of having weapons while under disability is not a constitutional violation; therefore, the trial court erred in dismissing the charge.

{¶2} After careful review of the record and relevant case law, we reverse the trial court's judgment and remand for proceedings consistent with this opinion.

## I. Procedural and Factual History

{¶3} In August 2016, Ortiz was charged by way of information with one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), and one count of carrying a concealed weapon in violation of R.C. 2923.12(A)(2). The offense of having weapons while under disability was predicated on Ortiz's prior juvenile adjudication for aggravated robbery.

{¶4} In November 2016, Ortiz filed a motion to dismiss his having weapons while under disability charge "based upon the Ohio Supreme Court's decision in *State v. Hand*, [149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448]." Ortiz argued that according to the reasoning of the Ohio Supreme Court's decision in *Hand*, his prior juvenile adjudication cannot support a having weapons while under disability charge.

**{¶5}** The state opposed the motion, arguing that the language of *Hand* is limited to instances in which a juvenile adjudication enhanced a criminal offense committed by an adult and does not create a prohibition against using all juvenile adjudications.

**{¶6}** Following a hearing, the trial court granted the motion, stating in relevant part:

> The state's arguments lack merit because the *Hand* decision does not preclude the application of a juvenile adjudication "for the purposes of determining the offense with which the person should be charged" as stated in R.C. 2901.08(A). Nor does it do so concerning any other statute, such as Having Weapons While Under Disability. The Supreme Court of Ohio in *Hand* focused only on enhanced sentencing part of this statute because those were the facts presented to the Supreme Court of Ohio.
>
> Nevertheless, R. C. 2901.08 (A) clearly provides that an adjudication as a delinquent child also applies for the purposes of determining the offense with which the person should be charged, which is the issue in the case before this Court. The statute concerning Having Weapons While Under Disability also requires that a defendant have an adjudication as a delinquent child any felony offense of violence as a requirement for the purposes of determining the offense with which the person should be charged. Such an adjudication has occurred with regard to defendant, and he was charged solely because of that adjudication. The fact that the language regarding an adjudication as a delinquent child is used in a specific criminal statute, such as Having Weapons While Under Disability in R. C. 2923.13(A)(3), as opposed to a non-specific criminal statute, such as R. C. 2901.08 (A) is not determinative of defendant Ortiz's constitutional due process rights. It is clear that the reasoning of the Supreme Court of Ohio in *Hand* applies to both types of statutes and to charges that are filed, as well as to sentencing enhancements.
>
> The Supreme Court of Ohio held in *Hand* that it is unconstitutional under due process to use a juvenile adjudication as a delinquent child to be the equivalent of an adult conviction in order to enhance a penalty or the crime as an adult. The same reasoning applied regarding the adjudication of a

delinquent child for the purposes of determining the offense with which the person should be charged, as stated in 2901.08 (A), and which is a one of the circumstances for charging a defendant with Having Weapons While Under Disability. *See* R. C. 2923.13 (A) (3). For these reasons, defendant Ortiz's Motion to Dismiss Count 1, Having Weapons While under Disability is granted.

**{¶7}** After his having weapons while under disability charge was dismissed, Ortiz pleaded guilty to carrying a concealed weapon, as charged in Count 2 of the information, he was sentenced to a two-year term of community control sanctions, including a 90-day jail term.

**{¶8}** The state now appeals.

## II. Law and Analysis

**{¶9}** In its sole assignment of error, the state argues that the trial court erred by granting Ortiz's motion to dismiss the count of having a weapon while under disability on the basis of the Ohio Supreme Court's decision in *Hand*.

**{¶10}** In *Hand*, the Supreme Court of Ohio held that it is unconstitutional to use a juvenile adjudication as the equivalent of an adult conviction to enhance a penalty for a later crime, because, unlike an adult conviction, a juvenile adjudication does not involve the right to a trial by jury. *Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E. 3d 448, ¶ 38. In so holding, the court struck down R.C. 2901.08(A), a statute that specifically provided that a prior "adjudication as a delinquent child or as a juvenile traffic offender is

a conviction for a violation of the law or ordinance for purposes of determining the offense with which the person should be charged and, if the person is convicted of or pleads guilty to an offense, the sentence to be imposed * * *[.]" *Id*. at paragraph one of the syllabus and ¶ 9. Therefore, the Supreme Court of Ohio made it clear in *Hand* that "a juvenile adjudication is not a conviction of a crime and should not be treated as one." *Id*. at ¶ 38.

{¶11} In his motion to dismiss, Ortiz argued that the logic of *Hand* should extend to his case and prevent the court from considering his prior juvenile adjudication to support his having a weapon while under disability charge. This court has previously rejected this argument. In *State v. Stewart*, 8th Dist. Cuyahoga No. 105154, 2017-Ohio-2993, we declined to interpret *Hand* to negate the weapons disability resulting from a prior juvenile adjudication, stating, in relevant part:

> *Hand* does not apply to the statute at issue here: it did not hold that a juvenile delinquency adjudication may not constitute an element of an offense. *Hand* addressed the narrow issue of whether a juvenile adjudication could be deemed a criminal conviction for the purpose of sentencing enhancements.

*Id.* at ¶ 6. *See also State v. Parker*, 8th Dist. Cuyahoga No. 105472, 2017-Ohio-7484.

{¶12} Our resolution of this issue is in accordance with other appellate districts that have considered the issue. *See State v. Jackson*, 2d Dist. Montgomery No. 27351, 2017-Ohio-4197 (concluding *Hand* does not apply to the use of a juvenile adjudication as an element of having a weapon while under disability); *State v. Boyer*, 2d Dist. Clark No. 2016-CA-63, 2017-Ohio-4199 (noting the concerns the Supreme Court articulated in

*Hand* do not apply because the indictment for having a weapon while under disability "relates strictly to choices [the defendant] has made since reaching the age of majority"); *State v. McCray*, 1st Dist. Hamilton No. C-160272, 2017-Ohio-2996 (declining to extend *Hand* to bar the use of a juvenile adjudication to prove the disability element of having a weapon while under disability); *State v. Hudson*, 7th Dist. Mahoning No. 15 MA 0134, 2017-Ohio-645 (finding no indication the Supreme Court would extend the holding in *Hand* to R.C. 2923.13(A)(2) and noting that many of the other statutory alternatives for establishing the disability element encompass facts that were not subjected to a prior jury trial); *State v. Brown*, 10th Dist. Franklin No. 16AP-753, 2017-Ohio-7134, ¶ 21 ("We conclude, therefore, that *Hand* does not apply to R.C. 2923.13(A)(2).").

**{¶13}** Until otherwise directed, we find the trial court committed reversible error by dismissing the having a weapon while under disability offense on the basis of the Ohio Supreme Court's decision in *Hand*. The state's sole assignment of error is sustained.

**{¶14}** Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, PRESIDING JUDGE

MARY J. BOYLE, J., and
PATRICIA ANN BLACKMON, J., CONCUR