[Cite as *In re: C.W.*, 2018-Ohio-3172.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106465**

**IN RE: C.W.**
**A MINOR CHILD**

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL 17104838

**BEFORE:** Celebrezze, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** August 9, 2018

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender
BY:     Erika B. Cunliffe
Assistant Public Defender
Courthouse Square, Suite 200
310 Lakeside Avenue
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:     Zen Canaday
Assistant Prosecuting Attorney
9300 Quincy Avenue, Suite 4100
Cleveland, Ohio 44106


**ALSO LISTED:**

C.W.
3644 Bosworth Road
Cleveland, Ohio 44111

E.W.
873 East 73rd Street
Cleveland, Ohio 44103

FRANK D. CELEBREZZE, JR., J.:

**{¶1}** Appellant-delinquent, C.W. ("appellant"), brings this appeal challenging a magistrate's denial of his motion to dismiss. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

**{¶2}** On March 24, 2017, Cleveland Metropolitan Housing Authority police officers were dispatched to the intersection of East 30th Street and Central Avenue in Cleveland for a noise disturbance. As officers arrived, they observed a vehicle in a parking lot occupied by four young males. As officers approached the vehicle, they observed the driver, later identified as appellant, place an item under the driver's seat. Officers ordered the occupants out of the vehicle and as officers spoke with appellant, appellant told officers that he had placed a handgun under the driver's seat.

**{¶3}** Appellant was charged in Cuyahoga J.C. No. DL 17104838 for the following offenses: Count 1, having weapons while under disability, a third-degree felony in violation of R.C. 2923.13(A)(2), with a one-year firearm specification; Count 2, carrying a concealed weapon, a fourth-degree felony in violation of R.C. 2923.12(A)(2); and Count 3, improper handling a firearm in a motor vehicle, a fourth-degree felony in violation of R.C. 2923.16(B). The weapons under disability charge alleged that appellant had a previous adjudication for felonious assault that prohibited him from carrying a firearm.

**{¶4}** The matter proceeded to a trial before the juvenile court magistrate. Prior to trial commencing, the state dismissed the one-year firearm specification attached to Count 1. Also,

prior to trial, appellant's counsel filed a motion to dismiss the having weapons while under disability adjudication arguing that the basis for the disability was itself a juvenile adjudication, and not a criminal conviction. The magistrate denied appellant's motion, and the matter proceeded to trial. The magistrate found appellant guilty on all three counts and appellant was adjudicated delinquent.

**{¶5}** Thereafter, appellant's trial counsel filed an objection to the magistrate's decision denying the motion to dismiss. After a hearing on the issue, the juvenile court overruled appellant's objection and adopted the magistrate's decision. It is from this ruling that appellant now appeals, assigning the following assignment of error for our review.

> I. Given the Ohio Supreme Court's decision in *State v. Hand*, the juvenile court violated [appellant's] rights under the state and federal constitutions by relying on a previous adjudication as the predicate disability element for the offense of having a weapon under disability when it found [appellant] delinquent.

## II. Law and Analysis

**{¶6}** In appellant's sole assignment of error, he argues that the juvenile court erred when it adjudicated him delinquent of having weapons while under disability, because it erred in using a prior juvenile adjudication as the "disability" element of the offense. In so doing, appellant argues that the juvenile court's decision denying his motion to dismiss is in direct contradiction to the Ohio Supreme Court's ruling in *State v. Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448.

**{¶7}** In *Hand*, the Supreme Court of Ohio held that the use of a juvenile adjudication as the equivalent of an adult conviction to enhance a penalty for a later crime is unconstitutional, because, unlike an adult conviction, a juvenile adjudication does not involve the right to a trial by jury. *Id.* at ¶ 38.

In so holding, the court struck down R.C. 2901.08(A), a statute that specifically provided that a prior "adjudication as a delinquent child or as a juvenile traffic offender is a conviction for a violation of the law or ordinance for purposes of determining the offense with which the person should be charged and, if the person is convicted of or pleads guilty to an offense, the sentence to be imposed * * *[.]" *Id.* at paragraph one of the syllabus and ¶ 9. Therefore, the Supreme Court of Ohio made it clear in *Hand* that "a juvenile adjudication is not a conviction of a crime and should not be treated as one." *Id*. at ¶ 38.

*State v. Ortiz*, 8th Dist. Cuyahoga No. 105301, 2017-Ohio-9157, ¶ 10.

{¶8} In his motion to dismiss, appellant asserted that the logic of *Hand* should extend to his case and prevent the juvenile court from considering his prior juvenile adjudication to support his having a weapon while under disability adjudication. In committing the offense of having weapons while under disability, the statute requires an offender to either have a prior conviction or a prior juvenile adjudication. Therefore, "[u]nlike the statute that was struck down in *Hand*, the statute at issue, R.C. 2923.13(A)(2), does not treat a prior juvenile adjudication as a conviction." *State v. McComb*, 2017-Ohio-4010, 91 N.E.3d 255, ¶ 26 (2d Dist.).

Rather, a prior juvenile adjudication and conviction are treated as alternative elements necessary to establish the offense of having weapons while under disability. *Hand* does not ban the use of a prior juvenile adjudication as an element of an offense; rather, *Hand* bans the use of a juvenile adjudication to enhance a penalty by treating the adjudication as an adult conviction.

*McComb* at *id*. The Second District further noted the strict holding in *Hand* that "'it is fundamentally unfair to treat a juvenile adjudication as a previous conviction that enhances either the degree of or the sentence for a subsequent offense committed as an adult.'" *Id.,* quoting *Hand* at ¶ 37.

{¶9} This court has previously rejected the argument raised by appellant in *Ortiz*[1] and *State v. Stewart*, 8th Dist. Cuyahoga No. 105154, 2017-Ohio-2993. Albeit in those particular

---

[1] *State v. Ortiz,* Ohio Supreme Court Case No. 2018-0042, is presently pending before the Ohio Supreme Court.

cases, the issue before the court was an adult defendant not a juvenile defendant, the essence of the argument is identical. In *Stewart* and *Ortiz*, we declined to interpret *Hand* to negate the "disability" element of the offense of having weapons while under disability resulting from a prior juvenile adjudication, stating, in relevant part:

> *Hand* does not apply to the statute at issue here: it did not hold that a juvenile delinquency adjudication may not constitute an element of an offense. *Hand* addressed the narrow issue of whether a juvenile adjudication could be deemed a criminal conviction for the purpose of sentencing enhancements.

*Stewart* at ¶ 6, citing *Hand* at ¶ 36-37. Thus, we decline to interpret the ruling in *Hand* to be applicable to a juvenile charged with having weapons while under disability where the disability element constitutes a prior juvenile adjudication.

> **{¶10}** Further, as this court noted in *Ortiz*:

> Our resolution of this issue is in accordance with other appellate districts that have considered the issue. *See State v. Jackson*, 2d Dist. Montgomery No. 27351, 2017-Ohio-4197 (concluding *Hand* does not apply to the use of a juvenile adjudication as an element of having a weapon while under disability); *State v. Boyer*, 2d Dist. Clark No. 2016-CA-63, 2017-Ohio-4199, 92 N.E.3d 213 (noting the concerns the Supreme Court articulated in *Hand* do not apply because the indictment for having a weapon while under disability "relates strictly to choices [the defendant] has made since reaching the age of majority"); *State v. McCray*, 1st Dist. Hamilton No. C-160272, 2017-Ohio-2996, 91 N.E.3d 288 (declining to extend *Hand* to bar the use of a juvenile adjudication to prove the disability element of having a weapon while under disability); *State v. Hudson*, 7th Dist. Mahoning, 2017-Ohio-645, 85 N.E.3d 371 (finding no indication the Supreme Court would extend the holding in *Hand* to R.C. 2923.13(A)(2) and noting that many of the other statutory alternatives for establishing the disability element encompass facts that were not subjected to a prior jury trial); *State v. Brown,* 10th Dist. Franklin No. 16AP-753, 2017-Ohio-7134, ¶ 21 ("We conclude, therefore, that *Hand* does not apply to R.C. 2923.13(A)(2).").

*Ortiz,* 8th Dist. Cuyahoga No. 105301, 2017-Ohio-9157, at ¶ 12. *See also State v. Buttery*, 1st Dist. Hamilton No. C-160609, 2017-Ohio-9113, ¶ 21 ("[w]e hold that *Hand* does not bar the use of [the defendant's] juvenile adjudication as the basis of his indictment and conviction for failing to register.").

{¶11} In further examining the appellate districts for cases of similar facts and circumstances as in the instant matter, we note that this appears to be a case of first impression, where a juvenile adjudication is used as the "disability" element of a juvenile adjudication for having weapons while under disability. From our review of the above case law, Ohio appellate districts have all agreed that an adult defendant may be charged with having weapons while under disability where the disability element is a juvenile adjudication. Thus, we find the same analysis indistinguishable to appellant's arguments before this court.

{¶12} Accordingly, based on the precedent established in this appellate district and several other appellate districts in the state of Ohio, we conclude that the trial court did not err in refusing to apply the holding in *Hand* to appellant's motion to dismiss the charge of having weapons while under disability because *Hand* does not apply to R.C. 2923.13(A)(2). Therefore, we hold that the use of a juvenile adjudication to support an adjudication of having weapons while under disability does not violate a defendant's constitutional right to due process, whether that defendant is charged within the juvenile system or the adult criminal system. *See Ortiz. See also Stewart*, 8th Dist. Cuyahoga No. 105154, 2017-Ohio-2993.

{¶13} Lastly, to the extent that appellant argues that his adjudication for having weapons while under disability violates his rights under the Second Amendment to the United States Constitution, pursuant to *Dist. of Columbia v. Heller,* 554 U.S. 570, 128 S.Ct. 2783, 171 L.E.2d 637 (2008), and *McDonald v. Chicago,* 561 U.S. 742, 130 S.Ct. 3020, 177 L.E.2d 894 (2010), we find no merit to this argument.

{¶14} Appellant's sole assignment of error is overruled.

### III. Conclusion

{¶15} The trial court did not err in denying appellant's motion to dismiss. The Ohio

Supreme Court's decision in *Hand* does not ban the use of a prior juvenile adjudication as the disability element of the offense of having weapons while under disability, pursuant to R.C. 2923.13(A)(2).

**{¶16}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, SR., J., CONCUR