PATRICIA ANN BLACKMON, J.:
 

 {¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11. Appellant Corey Parker ("Parker") challenges the trial court's denial of his motion to vacate his conviction and mandatory eight-year sentence for aggravated robbery, with a notice of prior conviction stemming from a juvenile delinquency adjudication, and having
 a weapon while under disability. He assigns the following error for our review:
 

 The Ohio Supreme Court's decision in
 
 State v. Hand
 
 , [
 
 149 Ohio St.3d 94
 
 ,
 
 2016-Ohio-5504
 
 ,
 
 73 N.E.3d 448
 
 ], which declared R.C. 2901.08 unconstitutional under both the state and federal constitutions [because it treats juvenile adjudications as penalty-enhancing convictions] applies retroactively to invalidate sentences previously enhanced under that unconstitutional provision.
 

 {¶ 2} Having reviewed the record and pertinent law, we reverse in part and remand for further proceedings consistent with this opinion.
 

 {¶ 3} The facts of this matter were set forth in Parker's direct appeal, as follows:
 

 On April 16, 2011, Parker drove two codefendants, Emmanuel Scott and Antwon Carrington, to a pet store located on Cleveland's east side. Scott and Carrington entered the store to commit a robbery while Parker remained in the car. There was an exchange of gunfire in the store, and Scott received a nonfatal gunshot wound. He returned to the car, and Parker drove him to the emergency room at Cleveland Clinic. After the police identified Parker from video footage at the clinic, they arrested Parker, Scott, and Carrington.
 

 Parker was indicted on May 12, 2011, along with Scott and Carrington, and charged with Count 1, aggravated robbery; Count 2, aggravated burglary; Counts 3 through 5, kidnapping; Counts 6 through 8, felonious assault; Count 9, carrying a concealed weapon; Count 10, having weapons while under disability; and Count 11, theft. Counts 1 through 8 included one-year and three-year firearm specifications. Counts 1 through 8 also included a notice of prior conviction specification under R.C. 2929.13(F)(6), [stemming from] a juvenile delinquency adjudication in juvenile court for felonious assault, and a repeat violent offender specification under R.C. 2941.149(A).
 

 Parker pleaded guilty on September 21, 2011, to aggravated robbery, a first-degree felony, and having weapons while under disability, a third-degree felony. In exchange for Parker's agreement to cooperate with the police and testify against Scott and Carrington, the state dismissed all other charges and specifications excluding the one reflecting notice of prior conviction. The trial court sentenced Parker on November 30, 2011, to eight years in prison [mandatory, due to the juvenile delinquency adjudication in the notice of prior conviction] with five years of postrelease control.
 

 See
 

 State v. Parker
 
 , 8th Dist. Cuyahoga No. 97841,
 
 2012-Ohio-4741
 
 ,
 
 2012 WL 4857801
 
 , ¶ 3-5 ("
 
 Parker I
 
 "). Scott pled guilty to aggravated robbery with a firearm specification and felonious assault, and was sentenced to a total of eight years of imprisonment. Apart from the three-year term for the firearm specification, Scott was not sentenced to a mandatory term. Carrington pled guilty to felonious assault and was sentenced to nonmandatory eight-year term.
 
 See
 

 State v. Carrington
 
 , Cuyahoga C.P. No. CR-11-549438 (Nov. 30, 2011);
 
 State v. Scott
 
 , Cuyahoga C.P. No. CR-11-549438 (Nov. 30, 2011). According to appellant's counsel, both Scott and Carrington were granted judicial release prior to the completion of their eight-year terms.
 

 {¶ 4} On direct appeal, Parker challenged his sentence and also asserted that R.C. 2901.08 is unconstitutional because it permits juvenile delinquency adjudications that are not determined by a jury to be included as prior convictions for purposes of imposing mandatory prison terms under R.C. 2929.13(F)(6).
 

 {¶ 5} This court rejected Parker's challenge to R.C. 2901.08, and affirmed. Applying the reasoning set forth in the majority of jurisdictions deciding the issue, this court held that prior juvenile delinquency adjudications fell within the "prior conviction exception" set forth in
 
 Apprendi v. New Jersey
 
 ,
 
 530 U.S. 466
 
 ,
 
 120 S.Ct. 2348
 
 ,
 
 147 L.Ed.2d 435
 
 (2000), and that there were "sufficient procedural safeguards to satisfy the reliability requirement that is at the heart of
 
 Apprendi
 
 ."
 
 Id.
 
 at ¶24. The Ohio Supreme Court declined Parker's motion for discretionary appeal, with three justices dissenting.
 
 See
 

 State v. Parker
 
 ,
 
 134 Ohio St.3d 1471
 
 ,
 
 2013-Ohio-553
 
 ,
 
 983 N.E.2d 370
 
 .
 

 {¶ 6} On October 31, 2016, Parker filed a motion to vacate his conviction and sentence, arguing that his constitutional rights were violated when the juvenile delinquency adjudications served as the basis of both the notice of prior conviction specifications, and the disability element of the weapons while under disability conviction. The trial court denied the motion. Parker now appeals.
 

 Postconviction Relief
 

 {¶ 7} "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21."
 
 State v. Reynolds
 
 ,
 
 79 Ohio St.3d 158
 
 , 160,
 
 679 N.E.2d 1131
 
 (1997).
 

 {¶ 8} Under R.C. 2953.23(A), a trial court may entertain a successive petition if the petitioner initially demonstrates either (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation. R.C. 2953.23(A)(1)(a). Next, the petitioner must also demonstrate that but for the constitutional error at trial, no reasonable finder of fact would have found him guilty. R.C. 2953.23(A)(1)(b).
 

 {¶ 9} A trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion.
 
 State v. Gondor,
 

 112 Ohio St.3d 377
 
 ,
 
 2006-Ohio-6679
 
 ,
 
 860 N.E.2d 77
 
 , ¶ 58.
 

 {¶ 10} Here, Parker's motion to correct or vacate sentence, despite its caption, meets the definition of a motion for postconviction relief under R.C. 2953.21(A)(1), because it (1) was filed subsequent to Parker's direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence.
 
 Reynolds
 
 ,
 
 79 Ohio St.3d at 160-161
 
 ,
 
 679 N.E.2d 1131
 
 ;
 
 State v. Bridges
 
 , 8th Dist. Cuyahoga Nos. 103634 and 104506,
 
 2016-Ohio-7298
 
 ,
 
 2016 WL 5940201
 
 , ¶ 31.
 

 {¶ 11} In this matter, Parker asserts that the Ohio Supreme Court's decision in
 
 Hand
 
 operates retroactively and entitles him to vacate his weapons while under disability conviction, the notice of prior conviction, and his sentence.
 

 Hand
 
 Decision
 

 {¶ 12} In 2015, the Ohio Supreme Court agreed to hear the same
 
 Apprendi
 
 -based challenge to R.C. 2901.08 raised by Parker in 2012 when it accepted a discretionary appeal from the decision in
 
 State v. Hand
 
 , 2d Dist. Montgomery No. 25840,
 
 2014-Ohio-3838
 
 ,
 
 2014 WL 4384131
 
 .
 

 {¶ 13} Thereafter, on August 25, 2016, the Ohio Supreme Court held that it is a violation of due process to treat a juvenile delinquency adjudication as the equivalent of an adult conviction for purposes of enhancing a penalty for a later crime, since
 the delinquency adjudication is not established through a procedure that provides the right to a jury trial.
 
 Hand
 
 , at paragraphs one and two of the syllabus.
 

 {¶ 14} In reaching this decision, the Ohio Supreme Court noted that under
 
 Apprendi,
 
 "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."
 
 Id.
 
 at ¶ 23. The court also noted that United States Supreme Court expanded
 
 Apprendi
 
 's holding and held that facts increasing a mandatory minimum sentence must also be submitted to a jury and found beyond a reasonable doubt.
 
 Id.
 
 at ¶ 24, citing
 
 Alleyne v. United States
 
 ,
 
 570 U.S. 99
 
 ,
 
 133 S.Ct. 2151
 
 ,
 
 186 L.Ed.2d 314
 
 (2013), and
 
 Apprendi
 
 ,
 
 530 U.S. at 490
 
 ,
 
 120 S.Ct. 2348
 
 .
 

 {¶ 15} Turning next to the issue of whether a juvenile adjudication is "the fact of a prior conviction" within the exception to
 
 Apprendi
 
 , the
 
 Hand
 
 court discussed this court's reasoning in
 
 Parker I
 
 ,
 
 2012-Ohio-4741
 
 ,
 
 2012 WL 4857801
 
 , but declined to follow
 
 Parker I
 
 .
 
 See
 

 Hand
 
 at ¶ 23. Accordingly,
 
 Parker I
 
 has been overruled as to this issue.
 

 {¶ 16} The
 
 Hand
 
 court likewise rejected the reasoning of the Second District, six federal circuit courts, and various other state courts, and instead adopted the minority position of the Ninth Circuit Court of Appeals in
 
 United States v. Tighe
 
 ,
 
 266 F.3d 1187
 
 (9th Cir. 2001), holding that "the 'prior conviction' exception to
 
 Apprendi's
 
 general rule must be limited to prior convictions that were themselves obtained through proceedings that included the right to a jury trial and proof beyond a reasonable doubt."
 
 Id.
 
 at ¶ 24, quoting
 
 Tighe
 
 , at
 
 266 F.3d at 1194
 
 . The Ohio Supreme Court explained:
 

 "The constitutional protections to which juveniles have been held to be entitled have been designed with a different set of objectives in mind than just recidivist enhancement. So the mere fact that a juvenile had all the process he was entitled to doesn't make his juvenile conviction equivalent, for purposes of recidivist enhancements, to adult convictions."
 

 Id.
 
 at ¶ 29, quoting
 
 Welch v. United States
 
 ,
 
 604 F.3d 408
 
 , 431-432 (7th Cir. 2010) (Posner, J., dissenting).
 

 {¶ 17} The plain language of
 
 Hand
 
 demonstrates that the court did not accept this court's analysis in
 
 Parker I
 
 , and that
 
 Parker I
 
 was overruled, albeit sub silentio, insofar as it pertains to notices of prior convictions from juvenile delinquency adjudications. Therefore, Parker has established, under R.C. 2953.21(A)(1) that while he preserved the error throughout the appellate process, he was unavoidably prevented from presenting this claim for relief until 2016.
 

 {¶ 18} Additionally, apart from the fact that
 
 Hand
 
 impliedly overruled
 
 Parker I,
 
 we conclude that
 
 Hand
 
 announced a new constitutional rule that applies retroactively to cases on collateral review. Under the analysis set forth in
 
 Teague v. Lane
 
 ,
 
 489 U. S. 288
 
 ,
 
 109 S.Ct. 1060
 
 ,
 
 103 L.Ed.2d 334
 
 (1989), a new constitutional rule of criminal procedure applies to criminal cases still pending on direct appeal, but generally does not apply to a conviction that was final when the new rule was announced.
 

 Id.
 

 at 295
 
 ,
 
 109 S.Ct. 1060
 
 . However, two categories of decisions fall outside this general bar on retroactivity:
 

 First, "[n]ew substantive rules generally apply retroactively."
 
 Schriro v. Summerlin
 
 ,
 
 542 U.S. 348
 
 , 351,
 
 124 S.Ct. 2519
 
 ,
 
 159 L.Ed.2d 442
 
 (2004) * * *. Second, new " 'watershed rules of criminal procedure,' " which are procedural rules "implicating the fundamental fairness
 and accuracy of the criminal proceeding," will also have retroactive effect.
 
 Saffle v. Parks
 
 ,
 
 494 U.S. 484
 
 , 495,
 
 110 S.Ct. 1257
 
 ,
 
 108 L.Ed.2d 415
 
 (1990) [quoting
 
 Teague
 
 at 311-313,
 
 109 S.Ct. 1060
 
 ].
 

 Welch v. United States
 
 , 578 U.S. ----,
 
 136 S.Ct. 1257
 
 ,
 
 194 L.Ed.2d 387
 
 (2016).
 

 {¶ 19} The court recently explained the distinction between retroactive substantive rules and nonretroactive procedural rules as follows:
 

 Substantive rules, then, set forth categorical constitutional guarantees that place certain criminal laws and punishments altogether beyond the State's power to impose. It follows that when a State enforces a proscription or penalty barred by the Constitution, the resulting conviction or sentence is, by definition, unlawful. Procedural rules, in contrast, are designed to enhance the accuracy of a conviction or sentence by regulating "the manner of determining the defendant's culpability."
 

 Montgomery v. Louisiana
 
 , 577 U.S. ----,
 
 136 S.Ct. 718
 
 ,
 
 193 L.Ed.2d 599
 
 (2016), quoting
 
 Schriro
 
 ,
 
 542 U.S. at 353
 
 ,
 
 124 S.Ct. 2519
 
 .
 

 {¶ 20} In determining whether a rule is substantive or procedural, the
 
 Welch
 
 court explained:
 

 "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes [including] decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish."
 

 578 U.S. at ----,
 
 136 S.Ct. 1257
 
 , ¶ 8, quoting
 
 Schriro
 
 ,
 
 542 U.S. at 353
 
 ,
 
 124 S.Ct. 2519
 
 .
 

 {¶ 21} In other words, substantive rules "either (a) prohibit criminal punishment for certain types of primary conduct, or (b) forbid the imposition of certain categories of punishment for particular classes of defendants."
 
 O'Dell v. Netherland
 
 ,
 
 521 U.S. 151
 
 , 157,
 
 117 S.Ct. 1969
 
 ,
 
 138 L.Ed.2d 351
 
 (1997). Conversely, procedural rules "regulate only the manner of determining the defendant's culpability."
 
 Schriro
 
 ,
 
 542 U.S. at 353
 
 ,
 
 124 S.Ct. 2519
 
 .
 

 {¶ 22} Applying the foregoing, we conclude that the rule announced in
 
 Hand
 
 is a new constitutional "substantive rule," and that it applies retroactively. In
 
 Hand
 
 , the court altered R.C. 2929.13(F)(6)'s range of persons and conduct subject to a mandatory term or imprisonment due to a prior conviction, by excluding juvenile offenses from the definition of prior convictions set forth in R.C. 2901.08. Therefore,
 
 Hand
 
 limited the reach of the underlying statute by altering "the class of persons" who may be subject to mandatory prison terms to exclude juvenile adjudications as prior convictions. The court did not merely issue a procedural decision, because
 
 Hand
 
 had nothing to do with the range of permissible methods a court might use in determining if the offender is to be sentenced to mandatory imprisonment and was not issued to enhance the accuracy of a conviction or sentence by regulating "the manner of determining the defendant's culpability." Accordingly,
 
 Hand
 
 issued a new constitutional substantive rule that is retroactively applicable to cases on collateral review, such as the instant matter.
 

 {¶ 23} We recognize that in
 
 State v. Smith
 
 , 2d Dist. Montgomery No. 27294,
 
 2017-Ohio-2684
 
 ,
 
 2017 WL 1821416
 
 , the court held that
 
 Hand
 
 applies only to cases that are pending on the announcement date, and does not apply retroactively to a conviction that has become final.
 
 Id.
 
 at ¶ 11, citing
 
 Ali v. State
 
 ,
 
 104 Ohio St.3d 328
 
 ,
 
 2004-Ohio-6592
 
 ,
 
 819 N.E.2d 687
 
 . However,
 
 Smith
 
 may be distinguished from this matter
 in that Smith also committed numerous adult prior offenses that supported the imposition of mandatory imprisonment under R.C. 2929.13(F)(6), whereas in this case, Parker's sole juvenile adjudication was the basis for imposing the mandatory term of imprisonment.
 

 {¶ 24} Moreover, in
 
 State v. Moore
 
 ,
 
 149 Ohio St.3d 557
 
 ,
 
 2016-Ohio-8288
 
 ,
 
 76 N.E.3d 1127
 
 , the Ohio Supreme Court recently held that a juvenile's 141 year sentence was the "functional equivalent of life without parole," so the court held that the rule announced in
 
 Graham v. Florida
 
 ,
 
 560 U.S. 48
 
 ,
 
 130 S.Ct. 2011
 
 ,
 
 176 L.Ed.2d 825
 
 (2010), prohibiting the imposition of sentences of life imprisonment without parole on juvenile nonhomicide offenders, announced a substantive rule that must be given retroactive effect.
 
 Moore
 
 at ¶ 97-99.
 

 {¶ 25} Similarly, after the United States Supreme Court issued its decision in
 
 Miller v. Alabama
 
 ,
 
 567 U.S. 460
 
 ,
 
 132 S.Ct. 2455
 
 ,
 
 183 L.Ed.2d 407
 
 (2012), "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments,' " the court also held that this rule applies retroactively to cases on collateral review.
 
 See
 

 Montgomery,
 
 577 U.S. ----,
 
 136 S.Ct. 718
 
 ,
 
 193 L.Ed.2d 599
 
 (2016). The court stated:
 

 Because
 
 Miller
 
 determined that sentencing a child to life without parole is excessive for all but the rare juvenile offender * * *, it rendered life without parole an unconstitutional penalty for "a class of defendants because of their status"-that is, juvenile offenders whose crimes reflect the transient immaturity of youth. * * * As a result,
 
 Miller
 
 announced a substantive rule of constitutional law. Like other substantive rules,
 
 Miller
 
 is retroactive[.]
 

 Id.
 

 at
 
 136 S.Ct. 718
 
 .
 

 {¶ 26} Likewise, in
 
 Welch,
 
 578 U.S. ----,
 
 136 S.Ct. 1257
 
 , the court gave retroactive application to
 
 Johnson v. United States
 
 , 576 U.S. ----,
 
 135 S.Ct. 2551
 
 ,
 
 192 L.Ed.2d 569
 
 (2015), a decision that, like
 
 Hand
 
 , found that a statute imposing an enhanced sentence was unconstitutional. In
 
 Johnson
 
 , the Supreme Court held that the "residual clause" portion of the definition of sentencing enhancing "violent felonies" set forth in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. 924(e)(2)(B)(ii), is unconstitutionally vague. The court considered Welch's petition for habeas corpus in connection with his 2010 conviction for being a felon in possession of a firearm that was enhanced under the "residual clause" from a 1996 strong-arm robbery. The
 
 Welch
 
 court determined that in striking the "residual clause,"
 
 Johnson
 
 court did not simply issue a procedural decision, because "
 
 Johnson
 
 had nothing to do with the range of permissible methods a court might use [during sentencing.]" 136 S.Ct. at 1265. Instead,
 
 Johnson
 
 "affected the reach of the underlying statute" by altering "the range of conduct or the class of persons that the [Act] punishes."
 
 Id.
 
 , quoting
 
 Schriro
 
 at 353,
 
 124 S.Ct. 2519
 
 .
 

 {¶ 27} Similarly, in this matter, we conclude that
 
 Hand
 
 did not simply issue a procedural decision.
 
 Hand
 
 did not merely alter the range of permissible methods a court might use to determine whether a defendant should be sentenced to mandatory imprisonment under R.C. 2929.13(F)(6) due to prior convictions. Instead,
 
 Hand
 
 altered the range of persons and conduct to exclude juvenile offenses from the definition of prior convictions set forth in R.C. 2901.08. In accordance with all of the foregoing, we conclude that the trial court abused its discretion in denying Parker's motion to vacate his conviction and sentence as it pertains to the mandatory sentence imposed under the notice of prior conviction.
 

 {¶ 28} Parker additionally asserts that because the disability element of his conviction for having a weapon while under disability is premised upon his juvenile adjudication, it must be vacated.
 

 {¶ 29} R.C. 2923.13 makes it a crime for an individual to carry a firearm if that person has been adjudicated a delinquent child for an offense of violence. In
 
 State v. Stewart
 
 , 8th Dist. Cuyahoga No. 105154,
 
 2017-Ohio-2993
 
 ,
 
 2017 WL 2291643
 
 , this court declined to interpret
 
 Hand
 
 to negate the weapons disability resulting from a prior juvenile offense of violence.
 
 Id.
 
 at ¶ 7, citing
 
 State v. Hudson
 
 ,
 
 2017-Ohio-645
 
 ,
 
 85 N.E.3d 371
 
 , ¶ 51 (no indication Supreme Court would extend
 
 Hand
 
 to R.C. 2923.13(A)(2) );
 
 State v. Carnes
 
 ,
 
 2016-Ohio-8019
 
 ,
 
 75 N.E.3d 774
 
 , ¶ 14 (
 
 Hand
 
 limited to banning use of adjudication to enhance punishment).
 
 Accord
 

 State v. McComb
 
 ,
 
 2017-Ohio-4010
 
 ,
 
 91 N.E.3d 255
 
 .
 

 {¶ 30} Judgment is reversed in part and remanded.
 

 EILEEN A. GALLAGHER, P.J., CONCURS;
 

 SEAN C. GALLAGHER, J., DISSENTS WITH ATTACHED OPINION