[Cite as *State v. Gause*, 2018-Ohio-313.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | C.A. CASE NO. 27527 |
| | : | |
| v. | : | T.C. NO. 2016-CR-3917 |
| | : | |
| DEONTE L. GAUSE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

Rendered on the 26th day of January, 2018.

. . . . . . . . . . .

ANDREW FRENCH, Atty. Reg. No. 69384, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellant

DAVID K. WEHNER, Atty. Reg. No. 16080, Public Defender, 117 S. Main Street, 4th Floor, Dayton, Ohio 45422
    Attorney for Defendant-Appellee

. . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Plaintiff-appellant, the State of Ohio, appeals from the judgment of the Montgomery County Court of Common Pleas granting defendant-appellee Deonte L. Gause's motion to dismiss the indicted charge of having weapons while under disability. For the reasons outlined below, the judgment of the trial court will be reversed and the matter will be remanded for further proceedings.

### Facts and Course of Proceedings

{¶ 2} On January 24, 2017, the Montgomery County Grand Jury returned an indictment charging Gause with single counts of carrying concealed weapons in violation of R.C. 2923.12(A), improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B), and having weapons while under disability in violation of R.C. 2923.13(A)(2). The charge of having weapons while under disability was predicated on a prior juvenile adjudication for rape that Gause committed in 2009.

{¶ 3} Gause pled not guilty to all the charges and subsequently filed a motion to dismiss the charge of having weapons while under disability. In his motion to dismiss, Gause argued that the statute governing the offense of having weapons while under disability, R.C. 2923.13(A)(2), violates due process to the extent that the statute allows the offense to be predicated on a juvenile adjudication. In support of this argument, Gause cited to the Supreme Court of Ohio's decision in *State v. Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448, which held that a statute violates the Due Process Clauses of the Ohio and United States Constitutions if it "treat[s] a juvenile adjudication as a previous conviction that enhances either the degree of or the sentence for a

subsequent offense committed as an adult." *Id.* at ¶ 37.

{¶ 4} The trial court agreed with Gause's argument and held that R.C. 2923.13(A)(2) was unconstitutional "to the extent that the statute provides that Gause's juvenile adjudication may serve [as] an essential element of the offense of having weapons under disability, a third degree felony." Decision, Entry and Order Dismissing Count 2 of the Indictment (March 27, 2017), Montgomery County Court of Common Pleas Case No. 2016-CR-3917, Docket No. 24, p. 2. In so holding, the trial court explained that: "If it violates due process to permit a juvenile adjudication to enhance the degree of an offense, or to enhance the punishment for an offense, it follows that it likewise violates due process to permit a juvenile adjudication to establish a third degree felony on the basis of conduct which would otherwise not be a crime." *Id.* Accordingly, the trial court dismissed Gause's indicted charge of having weapons while under disability.

{¶ 5} The State now appeals from the trial court's dismissal, raising a single assignment of error for review.

**Assignment of Error**

{¶ 6} The State's assignment of error is as follows:

THE TRIAL COURT MISAPPLIED THE HOLDING IN *STATE V. HAND* WHEN IT DISMISSED COUNT TWO OF DEONTE GAUSE'S INDICTMENT, WHICH CHARGED HIM WITH HAVING WEAPONS WHILE UNDER DISABILITY.

{¶ 7} Under its sole assignment of error, the State contends that the trial court's decision granting Gause's motion to dismiss the charge of having weapons while under

disability should be reversed because in ruling on the motion, the trial court erroneously relied on *Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448.   We agree.

{¶ 8} In *Hand*, the Supreme Court of Ohio ruled that it is an unconstitutional violation of due process to use a juvenile adjudication as the equivalent of an adult conviction to enhance a penalty for a later crime, because, unlike an adult conviction, a juvenile adjudication does not involve the right to a trial by jury.   *Hand* at ¶ 37-38.   In so holding, the Supreme Court struck down R.C. 2901.08(A), a statute which specifically provided that a prior "adjudication as a delinquent child or as a juvenile traffic offender is a conviction for a violation of the law or ordinance for purposes of determining the offense with which the person should be charged and, if the person is convicted of or pleads guilty to an offense, the sentence to be imposed[.]"   *Id.* at paragraph one of the syllabus and ¶ 9.   The Supreme Court held "that R.C. 2901.08(A) violates the Due Process Clauses of Article I, Section 16 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution because it is fundamentally unfair to treat a juvenile adjudication as a previous conviction that enhances either the degree of or the sentence for a subsequent offense committed as an adult."   *Id.* at ¶ 37.   Accordingly, the Supreme Court of Ohio made it clear in *Hand* that "a juvenile adjudication is not a conviction of a crime and should not be treated as one."   *Id.* at ¶ 38.

{¶ 9} As previously noted, the trial court in this case relied on *Hand* to dismiss Gause's weapons under disability charge on grounds that the statute governing the offense, R.C. 2923.13(A)(2), unconstitutionally permits a juvenile adjudication to serve as an element of the offense.   However, two months after the trial court's decision, we held the following in *State v. McComb*, 2017-Ohio-4010, ___ N.E.3d ___ (2d Dist.):

We do not * * * find that the Supreme Court of Ohio's holding in *Hand* renders the weapons under disability statute McComb was convicted under, R.C. 2923.13(A)(2), unconstitutional on due process grounds. R.C. 2923.13(A)(2) provides, in relevant part, that:

> [N]o person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if * * * the person is under indictment for or has been convicted of any felony offense of violence *or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence.*

(Emphasis added.)

Pursuant to the statute, a violation of R.C. 2923.13(A)(2) requires an offender to either have a prior conviction or a prior juvenile adjudication. Unlike the statute that was struck down in *Hand*, the statute at issue, R.C. 2923.13(A)(2), does not treat a prior juvenile adjudication as a conviction. Rather, a prior juvenile adjudication and conviction are treated as alternative elements necessary to establish the offense of having weapons while under disability. *Hand* does not ban the use of a prior juvenile adjudication as an element of an offense; rather, *Hand* bans the use of a juvenile adjudication to enhance a penalty by treating the adjudication as an adult conviction. *Hand* at ¶ 37 (holding "it is fundamentally unfair to treat a juvenile adjudication as a previous conviction that enhances either the degree of or the sentence for a subsequent offense committed as an adult").

*McComb* at ¶ 25-26.

**{¶ 10}** In support of our holding in *McComb*, we relied on cases from Ohio's Seventh and First Appellate Districts that also declined to extend the holding in *Hand* to R.C. 2923.13(A)(2). *See McComb* at ¶ 27, citing *State v. Hudson*, 2017-Ohio-645, 85 N.E.3d 371 (7th Dist.) and *State v. Carnes*, 2016-Ohio-8019, 75 N.E.3d 774 (1st Dist.). Since our decision in *McComb,* the Tenth and Eighth Appellate Districts have also concluded that the holding in *Hand* does not apply to R.C. 2923.13(A)(2). *See State v. Brown*, 2017-Ohio-7134, ___ N.E.3d ___ (10th Dist.); *State v. Williams*, 2017-Ohio-5598, ___ N.E.3d ___ (10th Dist.); *State v. Stewart*, 8th Dist. Cuyahoga No. 105154, 2017-Ohio-2993; *State v. Parker*, 2017-Ohio-7484, ___ N.E.3d ___ (8th Dist.). We have also continued to follow the holding in *McComb* in several cases concerning the same issue. *See State v. Jackson*, 2d Dist. Montgomery No. 27351, 2017-Ohio-4197; *State v. Boyer*, 2017-Ohio-4199, ___ N.E.3d ___ (2d Dist.); *State v. St. Jules*, 2d Dist. Montgomery No. 27405, 2017-Ohio-7941; *State v. Herron*, 2d Dist. Montgomery No. 27378, 2017-Ohio-8908.

**{¶ 11}** Based on the precedent established in this appellate district and several other appellate districts in the State of Ohio, we conclude that the trial court erred in applying the holding in *Hand* to dismiss Gause's charge for having weapons while under disability, as *Hand* does not apply to R.C. 2923.13(A)(2). Therefore, we once again hold that the use of a juvenile adjudication to support a charge of having weapons while under disability does not violate a defendant's constitutional right to due process.

**{¶ 12}** The State's sole assignment of error is sustained.

**Conclusion**

{¶ 13} Having sustained the State's sole assignment of error, the judgment of the trial court is reversed and the matter is remanded for further proceedings.

FROELICH, J., concurs.

DONOVAN, J. dissenting:

{¶ 14} Gause's prior adjudication of delinquency which can now be utilized as an element of the offense to establish weapons while under disability, suffers from the same constitutional infirmity as an enhancement. At the heart of the analysis in *Hand* is the lack of a right to a jury determination of the predicate conduct. In this case, status (disability) creates the offense, in *Hand* status enhances punishment.

{¶ 15} I agree with Judge Cunningham's dissent in *Carnes*, it is illogical to conclude enhancement of punishment is unconstitutional, but prosecution where otherwise there would be no indictment is not. In all other scenarios, the status of disability is conduct which occurs as an adult. The juvenile vs. adult conduct distinction is critical to the constitutional analysis, particularly under the Ohio Constitution as noted in *Hand*.

. . . . . . . . . . . . .

.

Copies mailed to:

Mathias H. Heck, Jr.
Andrew T. French
David K. Wehner
Hon. William H. Wolff, Jr.